RUSSELL, District Judge,
concurring in judgment.
I concur in the dismissal of the claims against the City, but I am writing separately to note my agreement with the dissent that taking the facts in the light most favorable to the Plaintiff results in the conclusion that Plaintiff has presented sufficient proof to raise a material issue of fact as to whether there has been a constitutional violation.
To prevail in a § 1983 action, the Plaintiff must prove two elements: “1) the deprivation of a right secured by the Constitution or laws of the United States and 2) that the deprivation was caused by a person acting under the color of state law.” Miller v. Calhoun County, 408 F.3d 803, 812 (6th Cir.2005). After the court finds the violation of a right, the municipality may be held liable if its policy was the “moving force” behind or caused the violation. Gray v. City of Detroit, 399 F.3d 612, 617 (6th Cir.2005). The court does not have to find any particular officer liable before the City can be held liable, but the court must find that the City caused a violation of Plaintiffs rights. Id. The Supreme Court has clearly set forth the law on the issue of municipal liability:
*576 We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. This rule is most consistent with our admonition in Monell, 436 U.S. at 694, 98 S.Ct. at 2037, and Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981), that a municipality can be liable under § 1983 only where its policies are the “moving force [behind] the constitutional violation.” Only where a municipality’s failure to train its employees in a relevant respect evidences a “deliberate indifference” to the rights of its inhabitants can such a shortcoming be properly thought of as a city “policy or custom” that is actionable under § 1983. As Justice BRENNAN’s opinion in Pembaur v. Cincinnati, 475 U.S. 469, 483-484, 106 S.Ct. 1292, 1300-1301, 89 L.Ed.2d 452 (1986) (plurality) put it: “[M]unicipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives” by city policymakers. See also Oklahoma City v. Tuttle, 471 U.S. at 823, 105 S.Ct. at 2436 (opinion of REHNQUIST, J.). Only where a failure to train reflects a “deliberate” or “conscious” choice by a municipality — a “policy” as defined by our prior cases— can a city be liable for such a failure under § 1983.
Monell’s rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible. That much may be true. The issue in a case like this one, however, is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent “city policy.” It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.
City of Canton v. Harris, 489 U.S. 378, 388-90, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (footnotes omitted). In this case, Plaintiff alleges that the City’s training was inadequate. The officers received training on what to do when a prisoner presents a health complaint. The Plaintiff has not shown that the officers have received no training or that they were trained to ignore complaints as the Plaintiff alleges that the officers did in this case. Instead, the officers received training on the policies and procedures of when to send the prisoner to the hospital. Plaintiffs alleged failure to receive medical care is the result of the officer’s decision not provide medical treatment. Plaintiff cannot show that the City made a deliberate choice not to provide the officers with the necessary training or that such a decision caused Plaintiffs alleged constitutional violation. The City was not deliberately indifferent to the need to train its officers in proper police procedure.